**Bert VERVOORN, Plaintiff—Appellant,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Defendant—Appellee.**

No. 05–56686.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed June 21, 2007.

Jennifer E. Gysler, Esq., Monroy, Averbuck and Gysler, Westlake Village, CA, for Plaintiff–Appellant.

Cynthia Palin, Esq., Demler, Armstrong & Rowland, Long Beach, CA, for Defendant–Appellee.

Before: HALL and CALLAHAN, Circuit Judges, and REED *, District Judge.

MEMORANDUM **

Bert Vervoorn appeals the district court's grant of summary judgment in favor of Safeco Insurance Company of America in Vervoorn's diversity action for breach of contract and bad faith. This suit arises from Safeco's defense of a California Superior Court motor vehicle accident law-suit. We affirm. Because the parties are familiar with the facts, we do not recite them here.

Vervoorn asserts that he has raised a triable issue of fact regarding whether there existed a conflict of interest in the underlying action that triggered his right to separate counsel under California Civil Code Section 2860. As part of its duty to defend, an insurer must provide separate, independent "*Cumis* counsel" when counsel would otherwise face a conflict of interest between the insured and the insurer. *Dynamic Concepts, Inc. v. Truck Ins. Exch.*, 61 Cal.App.4th 999, 1007, 71 Cal. Rptr.2d 882 (1998). This conflict must be "significant, not merely theoretical, [and] actual, not merely potential." *Id.* The statute provides that "[n]o conflict shall be deemed to exist as to allegations of punitive damages." Cal. Civ.Code § 2860(b). In this case, the insurer agreed to defend Vervoorn without a reservation of rights, meaning it was estopped from later asserting non-coverage of any judgment against Vervoorn for compensatory damages. *See Miller v. Elite Ins. Co.*, 100 Cal.App.3d 739, 754–56, 161 Cal.Rptr. 322 (1980). Because it was in the interests of both Safeco and Vervoorn to defeat Vervoorn's liability, no conflict existed and therefore Safeco was not required to provide *Cumis* counsel. *James 3 Corp. v. Truck Ins. Exch.*, 91 Cal.App.4th 1093, 1103, 111 Cal.Rptr.2d 181 (2001).

AFFIRMED.

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.